# EXHIBIT "I"

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE

| DOUG MCLINKO | : |
| --- | --- |
| Complainant, | : |
| v. | : |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF STATE AND AL SCHMIDT, SECRETARY OF STATE OF THE COMMONWEALTH OF PENNSYLVANIA, IN HIS OFFICIAL CAPACITY | : |
| Respondents | : |

STATEMENT OF STATE-BASED ADMINISTRATIVE COMPLAINT
VIOLATIONS OF THE HELP AMERICA VOTE ACT OF 2002
(PUBLIC LAW 107-252, 52 U.S.C. § 20901, et seq.)

Under Section 402 of the Help America Vote Act of 2002, 52 U.S.C. § 21112(a)(2) and section 1206.2(a) of the Pennsylvania Election Code, 25 P.S. § 3046.2(a), complainant, Doug McLinko, brings this complaint against the Commonwealth of Pennsylvania, Department of State, for

violations of Title III of the Help American Vote Act, 52 U.S.C §§ 21081-21102) and avers as follows:

## INTRODUCTION

Under the Help America Vote Act, Pub. L. No. 107-252, 116 Stat. 1666 (2002) ("HAVA"), an individual applying to vote must supply a *current* and *valid* driver's license number or the last four digits of *his* social security number on the registration form. In turn, HAVA requires local election officials to confirm whether these numbers are current and valid by using available databases.

However, the Commonwealth of Pennsylvania maintains a voter registration system that blatantly violates this federal law. The Secretary of the Commonwealth has directed all 67 county boards of election to ignore HAVA's verification mandate and to register *any* applicant to vote regardless of whether an applicant's driver's license or social security number can be verified. This lawless directive does not just violate federal law; it creates a regime where an untold number of ineligible voters, including non-citizens, can register to vote in all state and federal elections in the Commonwealth. The Department of State should immediately repeal the unlawful directive.

## The Help America Vote Act (HAVA)

1. In 2002, Congress passed the Help America Vote Act ("HAVA"), Pub.L. No. 107-252, Oct. 29, 2022, 116 Stat. 1666.

2. Among other things, HAVA was designed to "establish minimum standards for States and units of local governments with responsibility for the administration of Federal elections." *Id.*

3. Under HAVA, a State may not accept or process an application for voter registration unless the application includes either a valid driver's license number or the last 4 digits of the applicant's social security number. 52 U.S.C. § 21083(a)(5)(A)(i)(I) and (II).

4. HAVA then requires that local election officials verify the requisite identifying information against state and federal databases. 52 U.S.C. § 21083(a)(5).

## The HAVA Matching Directive.

5. In 2018, the Secretary of the Commonwealth issued a directive entitled, "Directive Concerning HAVA-Matching Drivers' Licenses or Social Security Numbers for Voter Registration Applications" (the "HAVA Matching Directive.") A copy of the HAVA Matching Directive is attached as Exhibit A.

6. The Commonwealth has never repealed or replaced the HAVA Matching Directive.

7. The HAVA Matching Directive violates HAVA and ignores the commands of Congress.

8. Contrary to HAVA's express language, the HAVA Matching Directive states that a voter registration application "may not be rejected based solely on a non-match between the applicant's identifying numbers on their application and the comparison database numbers." *Id*.

9. The HAVA Matching Directive directs county boards of election not to reject any registration application where the driver's license or social security numbers do not match the databases.

10. The HAVA Matching Directive states the application "must be processed like all other applications." *Id*. (emphasis original)

11. The HAVA Matching Directive concludes by stating the applications "**MUST** be accepted." *Id.* (emphasis original).

12. The purpose of HAVA is to "establish election administration standards."

13. HAVA has set clear and unambiguous "election administration standards" by requiring State officials to match an applicant's

driver's license or social security number against databases before processing the application.

14. 52 U.S.C. § 21083(a)(5) is titled "Verification of voter registration information." *Id.* (emphasis added).

15. Titles and headings in statutes matter. *INS v. National Center for Immigration Rights, Inc.*, 502 U.S. 183, 189 (1991).

16. HAVA compels local election officials to verify the identifying information submitted by an applicant seeking to register to vote and further explains that "an individual who desires to vote in person [or by mail ballot], but who does not meet the requirements of subparagraph (A)(i), may cast a provisional ballot under section 21082(a) of this title." 52 U.S.C.A. § 21083(b)(2)(B)(i-ii)

17. But the HAVA Matching Directive tells counties not to verify anything and, therefore, to ignore federal law.

18. It erroneously concludes that an application must be accepted if it contains *any* driver's license or social security number rather than a *valid* one *belonging* to an applicant that can be verified against databases.

19. Furthermore, the HAVA Directive seems to require county board's to accept driver's licenses from other states.

20. HAVA, however, requires that an applicant supply "a *current* and *valid* driver's license number" or "the last 4 digits of the *applicant's* social security number." 52 U.S.C. § 21083(a)(5)(A)(i).

21. Moreover, HAVA requires that States shall determine the validity of those numbers. 52 U.S.C. § 21083(a)(5)(A)(iii) ("The State shall determine whether the information provided by an individual is sufficient to meet the requirements of this subparagraph, in accordance with State law.")

22. HAVA further requires a process that sets forth "[a] system of file maintenance that makes a reasonable effort to remove registrants who are ineligible to vote from the official list of eligible voters." 52 U.S.C. § 21083(a)(4)(A).

## REQUESTED RELIEF

23. The Department of State should repeal its unlawful HAVA Matching Directive.

24. The Department of State should replace it with a directive that complies with HAVA.

25. The Department of State should issue a directive in compliance with federal law, which requires the State to verify voter information, including driver's licenses and social security numbers, before approving a voter registration application. It should also require counties to reject applications that supply a driver's license or social security number that does not match state databases in accordance with HAVA.

26. Grant any other relief as is just and proper.

Respectfully submitted,

Date: May 21, 2024

*/s/ Walter S. Zimolong, Esquire*
Walter S. Zimolong, Esq.
ZIMOLONG, LLC
wally@zimolonglaw.com
PO Box 552
Villanova, PA 19085
P: (215) 665-0842

Gene P. Hamilton
America First Legal Foundation
611 Pennsylvania Avenue, SE #231
Washington, DC 20003
(202) 964-3721
Gene.Hamilton@aflegal.org

`

*Counsel for Doug McLinko*



# DIRECTIVE CONCERNING HAVA-MATCHING
# DRIVERS' LICENSES OR SOCIAL SECURITY NUMBERS
# FOR VOTER REGISTRATION APPLICATIONS

Pursuant to Section 1803(a) of Act 3 of 2002, 25 Pa.C.S. § 1803(a), the following Directive is issued by the Department of State to clarify and specify legal processes relating to HAVA-matching of drivers' license numbers (or PennDOT ID card numbers) and Social Security numbers when voters submit new voter registration applications or an application to reactivate a cancelled record.

**This Directive underscores that Pennsylvania and federal law are clear that voter registrations may *not* be rejected based solely on a non-match between the applicant's identifying numbers on their application and the comparison database numbers.**

As stated in the Department of State's August 9, 2006 *Alert Re: Driver's License and Social Security Data Comparison Processes Required by The Help America Vote Act (HAVA),* HAVA requires only the following:

> (1) that all applications for new voter registration include a current and valid PA driver's license number, the last four digits of the applicant's social security number, or a statement indicating that the applicant has neither a valid and current PA driver's license or social security number; and

> (2) that voter registration commissions compare the information provided by an applicant with the Department of Transportation's driver's license database or the database of the Social Security Administration.

HAVA's data comparison process "was intended as an administrative safeguard for 'storing and managing the official list of registered voters,' and not as a restriction on voter eligibility." *Washington Ass'n of Churches v. Reed*, 492 F.Supp.2d 1264, 1268 (W.D. Wash. 2006).

**Counties must ensure their procedures comply with state and federal law, which means that if there are no independent grounds to reject a voter registration application other than a non-match, the application may *not* be rejected and must be processed like all other applications.**

It is important to remember that any application placed in 'Pending' status while a county is doing follow-up with an applicant whose driver's license or last four of SSN could not be matched **MUST** be accepted, unless the county has identified another reason to decline the application. Leaving an application in Pending status due to a non-match is effectively the same as declining the application while denying the applicant access to the statutory administrative appeals process, and as described above is **not** permitted under state and federal law.

