## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED SOVEREIGN** | : | |
| **AMERICANS, INC., DIANE** | : | |
| **HOUSER, RUTH MOTON** *and* | : | |
| **DEAN DREIBELBIS,** | : | |
| **Plaintiffs** | : | |
| | : | |
| | : | **No.  1:24-CV-01003** |
| **v.** | : | |
| | : | **Magistrate Judge Bloom** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, AL SCHMIDT,** | : | **Electronically Filed Document** |
| **PENNSYLVANIA BUREAU OF** | : | |
| **ELECTIONS, PENNSYLVANIA** | : | *Complaint Filed 06/18/24* |
| **BUREAU OF ELECTION** | : | |
| **SECURITY AND TECHNOLOGY,** | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF STATE, MICHELLE HENRY,** | : | |
| **PENNSYLVANIA OFFICE OF** | : | |
| **ATTORNEY GENERAL,** | : | |
| **MERRICK GARLAND** *and* | : | |
| **UNITED STATES DEPARTMENT** | : | |
| **OF JUSTICE,** | : | |
| **Defendants** | : | |

## DEFENDANTS' BRIEF SUPPORTING THEIR MOTION TO DISMISS THE COMPLAINT

Respectfully submitted,

MICHELLE A. HENRY
Attorney General

By:  *s/ ERICH T. GREINER*
ERICH T. GREINER

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6301**

**egreiner@attorneygeneral.gov**

**Date: August 5, 2024**

**Deputy Attorney General**
**Attorney ID: PA 331601**

**NICOLE R. DITOMO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

**Counsel for Defendants the**
**Commonwealth of Pennsylvania, The**
**Pennsylvania Office of Attorney**
**General, and Attorney General**
**Michelle Henry**

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................... ii

INTRODUCTION ...................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF ALLEGATIONS ...............1

   Procedural History....................................................................................1

   Statement of Allegations............................................................................2

QUESTIONS PRESENTED .....................................................................3

I.   Must Plaintiffs' Petition be dismissed as to Defendants the Commonwealth of Pennsylvania, the Office of Attorney General, and General Henry, as it is barred by the Eleventh Amendment? ...............................................................................3

   II.   Must Plaintiffs' Petition be dismissed as Plaintiffs lack standing to bring this action under Article III of the United States Constitution?...................................3

   III.   Must Plaintiffs' Petition be dismissed as they have not plausibly pleaded facts entitling them to a *writ of mandamus*?.................................................3

ARGUMENTS ......................................................................................3

   Standards...............................................................................................3

     A.   Rule 12(b)(1), Lack of Subject Matter Jurisdiction ...................................3

   B.   Rule 12(b)(6), Failure to state a claim............................................4

   I.   Plaintiffs' Petition must be dismissed as to Defendants the Commonwealth of Pennsylvania, the Office of Attorney General, and General Henry, as it is barred by the Eleventh Amendment.................................................................................5

   II.   Plaintiffs' Petition must be dismissed as Plaintiffs lack standing to bring this action under Article III of the United States Constitution. ..................................8

     A.   Organizational Plaintiff Fails to Establish Standing by Neglecting to Demonstrate Injury to its Members ..................................................................8

     B.   Individual Plaintiffs Lack Standing because they have not plausibly pleaded an "injury in fact, causation and redressability" ...............................11

       *1.   Plaintiffs have not plausibly pleaded injury in fact* ...........................11

       *2. Plaintiffs have failed to plausibly plead causation* ...................................13

       *3. Plaintiffs have failed to demonstrate their putative harms are redressable by the Commonwealth, OAG, and General Henry.*.....................................15

   C. Plaintiffs fail to plead a cognizable federal question.....................................16

   III.   Plaintiffs' Petition must be dismissed as they have not plausibly pleaded facts entitling them to a *writ of mandamus*........................................................20

CONCLUSION ...................................................................................21

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*1st Westco Corp. v. Sch. Dist. of Phila.*,
  6 F.3d 108 (3d Cir. 1993)……………………………………...……6
*American Civil Rights Union v. Phila. City Commissioners*,
  872 F.3d 175 (3d Cir. 2018)…………………………...……..18
*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937 (2009)…………………………………..4, 5
*Baker v. Carr*,
  369 U.S. 186 (1962)…………………………………………………9
*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)……………………………...…………………4
*Bellitto v. Snipes*,
  935 F.3d 1192 (11th Cir. 2019)…………………………………………18
*Blanciak v. Allegheny Ludlum Corp.*,
  77 F.3d 690 (3d Cir. 1996)……………………………………………3
*Brunner v. Ohio Republican Party*,
  555 U.S. 5 (2008)…………………………………………..18
*Cheney v. United States Dist. Ct.*,
  542 U.S. 367 (2004)…………………………………………..20
*Coal. To Def. Affirmative Action v. Brown*,
  674 F.3d 1128 (9th Cir. 2012)…………………………………6
*Colon-Marrero v. Velez*,
  813 F.3d 1 (1st Cir. 2016)…………………………………………18
*Conforti v. Hanlon*,
  2022 WL 1744774 (D. N.J. May 31, 2022)…………………………..10
*Constitution Party of Pennsylvania v. Aichele*,
  737 F.3d 347 (3d Cir. 2014)…………………………………………13
*Doyle v. Hogan*,
  1 F.4th 249 (4th Cir. 2021)…………………………………………6
*Dynalantic Corp. v. Dep't of*,
  115 F.3d 1012 (D.C. Cir. 1997)…………………………………………15
*Eu v. San Francisco County Democratic Central Comm.*,
  489 U.S. 214 (1989)…………………………………………..20
*Ex parte Young*,
  209 U.S. 123 (1908)…………………………………………6

*Kehr Packages v. Fidelcor*,
  926 F.2d 1406 (3d Cir. 1991)……………………………………………………4
*FDA v. Alliance for Hippocratic Medicine*,
  602 U.S. ___ (2024)……………………………………………………...8, 10
*Finberg v. Sullivan*,
  634 F.2d 50 (3d Cir. 1980)……………………………………………………6, 7
*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009)……………………………………………...…3
*Friends of the Earth, Inc. v. Laidlaw Envt'l Svcs.*,
  528 U.S. 167 (2000)……………………………………………………15
*Gill v. Whitford*,
  585 U.S. 48 (2018)……………………………………………………9
*Hollingsworth v. Perry*,
  558 U.S. 183 (2010)……………………………………………………20
*Howard v. Fed. Reserve Bd. of Governors*,
  2024 WL 1806430 (E.D. Pa. Apr. 24, 2024)……………………………………8
*Hunt v. Wash. State Apple Advertising Comm*,
  432 U.S. 333 (1977)……………………………………………………10
*In re Anderson*,
  2021 WL 5505405 (3d Cir. Nov. 23, 2021)……………………………………16
*In re Wolenski*,
  324 F.2d 309 (3d Cir. 1963)……………………………………………………17
*Johnson v. Von Rosentiel*,
  2023 WL 9052004 (E.D. Pa. December 29, 2024)………………………………7
*June Medical Svcs. L.L.C. v. Russo*,
  591 U.S. 299 (2020) ……………………………………………………...……8
*Kaetz v. United States*,
  2023 WL 2706841 (D. N.J. Mar. 30, 2023)………………………….……16, 17
*Keno v. Doe*,
  74 F.R.D. 587 (D. N.J. 1977)…………………………………………...……..18
*Kerr v. U.S. Dist. Ct. for the Northern Dist. Of California*,
  426 U.S. 394 (1976)……………………………………………………16
*Lance v. Coffman*,
  549 U.S. 437 (2007)……………………………………………………..8, 11
*Lavia v. Pa. Dep 't of Corr.*,
  224 F.3d 190 (3d Cir. 2000.)……………………………………………..5
*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)……………………………………………………9, 13-15
*Markham v. Wolf*,
  136 A.3d 134 (Pa. 2016)……………………………………………………..11

*McCauley v. Univ. of the Virgin Islands*,
   618 F.3d 232 (3d Cir. 2010)…………………………………………………...5
*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984)………………………………………………………………3
*Pennsylvania Bur. Of Corr. v. U.S. Marshals Svc.*,
   474 U.S. 34 (1985)……………………………………………………………16
*Phillips v. County of Allegheny*,
   515 F.3d 224 (3d Cir. 2008)………………...……………………………………4
*Printz v. United States*,
   521 U.S. 898 (1997)……………………………………………………………17
*Powell v. Duffry*,
   913 F.2d 64 (3d Cir. 1990)……………………………………………………...15
*Purcell v. Gonzalez*,
   549 U.S. 1 (2006)………………………………………………………………..20
*Reynolds v. Sims*,
   377 U.S. 533 (1964)……………………………………………………………9
*Sandusky Cnty Dem Party v. Blackwell*,
   387 F.3d 565 (6th Cir. 2004)…………………………………………...18, 18 n. 2
*Santiago v. Warminster Twp.*,
   629 F. 3d 121 (3d Cir. 2010)...…………………………………………………5
*Schlesinger v. Reservist Comm. to Stop the War*,
   418 U.S. 208 (1974)……………………………………………………………9
*Steel Co. v. Citz. for a Better Env't*,
   523 U.S. 83 (1998)……………………………………………………………8
*Tagayun v. Stolzenberg*,
   239 Fed. Appx. 708 (3d Cir. 2007)……………………………………………3
*Toll Bros., Inc. v. Twp. of Readington*,
   555 F.3d 131 (3d Cir. 2009)……………………………………………...14, 15
*Toth v. Chapman*,
   2022 WL 821175 (M.D. Pa. Mar. 16, 2022)……………………………………..9
*United States v. Murray*,
   2022 WL 3586451 (M.D. Pa. Aug. 22, 2022)………………………………12
*United States v. Thomas*,
   221 F.3d 430 (3d Cir. 2000)……………………………………………………12
*Vermont Agency of Nat. Resources v. U.S. ex rel. Stevens*,
   529 U.S. 765 (2000)……………………………………………………………15
*Will v. Mich. Dep 't of State Police*,
   491 U.S. 58 (1989)……………………………………………………………..5
*William Penn Parking Garage v. City of Pittsburgh*,
   346 A.2d 269 (1975)……………………………………………………………11

**Const. Provisions**

U.S. Const. Art. I § 4………………………………………………………17
U.S. Const. Art. III……………………………………………..3, 8, 9
U.S. Const. amend. X…………………………………………………17
U.S. Const. amend. XI………………………………………...3, 5, 7, 16

**Statutes**

*Action to Compel a United States Officer to Perform His/Her Duty*;
28 U.S.C. §1361…………………………………………………16, 17
*All Writs Act*;
28 U.S.C. §1651…………………………………………………16
*HAVA*
52 U.S.C. § 21111……………………………………………...19
52 U.S.C. §21112………………………………………………19
*NVRA*
52 U.S.C. §20507………………………………………………19

**Rules**

Fed. R. Civ. P. 12(b)(6)…………………………………………4,5

## **INTRODUCTION**

This is an action arising from a Petition for Relief in the Form of a Writ of *Mandamus* concerning the Commonwealth of Pennsylvania's management of elections. Plaintiffs are Pennsylvania citizens, and a special interest group. They claim to be concerned about the integrity of the elections in Pennsylvania and allege multiple purported issues in the 2022 national and state election, which they claim exceed the error tolerances established by the Help America Vote Act (HAVA).

Defendants are a host of Commonwealth officials and agencies, the Attorney General of the United States, and the Department of Justice.

For the reasons that follow, Plaintiffs' Petition and the allegations contained therein should be dismissed as to the Commonwealth of Pennsylvania, The Pennsylvania Office of Attorney General (OAG), and Attorney General Michelle Henry, who has been sued in her official capacity.

## **PROCEDURAL HISTORY AND STATEMENT OF ALLEGATIONS**

### Procedural History

Plaintiffs filed their Petition for Relief in the Form of a Writ of *Mandamus* on June 18, 2024. (Doc. 1.) In response, Defendants the Commonwealth of Pennsylvania, the OAG, and General Henry, through counsel, filed their Motion to Dismiss on July 22, 2024 (Doc. 7.) Defendants now file this Supporting Brief.

<u>Statement of Allegations</u>

Plaintiffs claim Congress has established "minimum standards" that a state must maintain for its federal election results to be "reliable". (Doc. 1 ¶ 1.) They claim the conduct of Pennsylvania's 2022 election did not meet those standards and thus the results are unreliable. (*Id.*) They further allege that a rate of error in the counting of ballots via voting systems that exceeded the allowable amounts set by HAVA and its regulations. (*Id.* ¶ 26.) They allege that these error rates were likely due to invalid registrations and maintenance of the voter rolls, which placed the integrity of the election into question. (*Id.* ¶¶ 41-43.) These alleged errors were ostensibly researched, tabulated, and calculated by organizational Plaintiff. (*Id.* ¶¶ 171-176.)

Individual Plaintiffs also allege various anomalies in the 2022 election and claim their attempts to address these anomalies were rebuffed. (*Id.*¶¶ 79-83.)

Importantly, Plaintiffs disclaim their ability to allege that the outcome of any race was altered by these purported problems; that they are accusing anyone of engaging in fraud; that fraud will occur in the 2024 or subsequent elections; that Pennsylvania officials engaged in fraud; and that injunctive relief is an available and appropriate remedy (*Id.* ¶¶ 19, 21, 148, 153 n.5, 215)

## QUESTIONS PRESENTED

I.   **Must Plaintiffs' Petition be dismissed as to Defendants the Commonwealth of Pennsylvania, the Office of Attorney General, and General Henry, as it is barred by the Eleventh Amendment?**

II.  **Must Plaintiffs' Petition be dismissed as Plaintiffs lack standing to bring this action under Article III of the United States Constitution?**

III. **Must Plaintiffs' Petition be dismissed as they have not plausibly pleaded facts entitling them to a *writ of mandamus*?**

## ARGUMENTS

### Standards

### A. Rule 12(b)(1), Lack of Subject Matter Jurisdiction

A Rule 12(b)(1) motion is the proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)) (Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction). When a motion to dismiss is based on lack of subject matter jurisdiction in addition to other defenses, "[a]n actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case." *Tagayun v. Stolzenberg*, 239 Fed. Appx. 708, 710 (3d Cir. 2007). When a defendant challenges subject matter jurisdiction, in response the plaintiff must

show that the case is properly before the court. See *Kehr Packages, Inc. v. Fidelcor*, 926 F.2d 1406, 1409 (3d Cir. 1991).

## B.  Rule 12(b)(6), Failure to state a claim

Under Fed. R. Civ. P. 12(b)(6), following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleadings standards in federal court have shifted from simple notice pleading to a more heightened form of pleading that requires a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009); *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

It is "no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct." *Id.* at 233 (citing *Twombly)* (cleaned up). Thus, when presented with a motion to dismiss for failure to state a claim, the district court should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court accepts the complaint's well-pleaded facts as true but should disregard legal conclusions. *Iqbal*, 556 U.S. at 678-79. Second, the court determines whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* A complaint must do more than allege the plaintiff's entitlement to relief; it must "show" such an entitlement with its facts. *Id.*; see *Phillips*, 515 F.3d

at 234-35; *Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010). In ruling on a motion to dismiss under Rule 12(b)(6), a court should "draw on its judicial experience and common sense" and dismiss claims where the facts merely suggest a possibility of liability, rather than "plausibly establish" it. *Iqbal*, 556 U.S. at 664, 681.

**I. Plaintiffs' Petition must be dismissed as to Defendants the Commonwealth of Pennsylvania, the Office of Attorney General, and General Henry, as it is barred by the Eleventh Amendment.**

Initially, Plaintiffs' Petition should be dismissed against the Commonwealth, the OAG, and General Henry for one reason: they are entitled to Eleventh Amendment immunity.

The Eleventh Amendment generally bars suits against States in federal court without their consent. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Likewise, the Eleventh Amendment bars suits against state agencies. *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000.)

Moreover, "a suit against a state official in his or her capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *McCauley v. Univ. of the Virgin Islands*, 618 F.3d 232, 241 (3d Cir. 2010) (citing *Will*, 491 U.S. at 71) (cleaned up). A plaintiff may avoid that bar by naming a state official in a suit for *prospective* declaratory or injunctive relief to prevent a continuing violation of

federal law. *Ex parte Young*, 209 U.S. 123, 157 (1908). But the action cannot simply seek to make the official a "representative of the state," thereby making the state a party. *Id.* Instead, the official must have sufficient connection with the enforcement of the alleged provision.

That connection *cannot* be based merely on the official's generalized duty to uphold the law. *1st Westco Corp. v. Sch. Dist. of Phila.*, 6 F.3d 108, 114-15 (3d Cir. 1993) (stating that "Commonwealth Official's general duty to enforce the laws of the Commonwealth of Pennyslvania," standing alone, "is not a proper predicate for liability"). Rather, the official must play a fairly direct role in enforcing the challenged statute. *See Ex Parte Young*, 209 U.S. at 157; *see also Coal. To Def. Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (the connection "must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit"); *Doyle v. Hogan*, 1 F.4th 249, 255 (4th Cir. 2021) (". . . the officer sued must be able to enforce, if he so chooses, the specific law the plaintiff challenges").

While "ministerial" duties can be sufficient to satisfy *Ex parte Young*, the official's duties whether discretionary or ministerial must actually affect the plaintiff. *Finberg v. Sullivan*, 634 F.2d 50, 54 (3d Cir. 1980). "[T]he inquiry is not

into the nature of an official's duties but into the effect of the official's performance of his duties on the plaintiff's rights[.]" *Id.*

Here, Plaintiffs attempt to sue the Commonwealth fails and all claims brought against it fail, since the Commonwealth is a state which has not consented to suit in federal court, and is thus squarely within the Eleventh Amendment's protections. So too does Plaintiffs attempt to haul the OAG into court, as the OAG is an agency of the Commonwealth and is also squarely within the ambit of the Eleventh Amendment's protection. *See Johnson v. Von Rosentiel*, 2023 WL 9052004, *6 (E.D. Pa. December 29, 2024).

Plaintiffs' attempt to bring suit against General Henry also fails. Plaintiffs have not pleaded any facts plausibly demonstrating General Henry had any specific duty or direct role in enforcing either HAVA's or the NVRA's requirements. (Doc. 1 ¶ 69.) Instead, directly contradicting the law, Plaintiffs rely on the General's general duty to enforce the laws of the Commonwealth and supervisory power over the OAG. (*Id.*) Thus, General Henry is entitled to Eleventh Amendment immunity.

Therefore, Plaintiff's claims against the Commonwealth, OAG, and General Henry are barred by the Eleventh Amendment and this Court lacks subject matter jurisdiction. Accordingly, this Court should dismiss all claims against these Defendants with prejudice, and they should be excused from any further proceedings.

**II.    Plaintiffs' Petition must be dismissed as Plaintiffs lack standing to bring this action under Article III of the United States Constitution.**

A. Organizational Plaintiff Fails to Establish Standing by Neglecting to Demonstrate Injury to its Members

Article III of the United States Constitution limits the exercise of the judicial power in federal court to "cases" and "controversies". U.S. Const. Art. III § 2; *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. ___ (2024) (Thomas, J., concurring) (slip. op. at 3) (citing *June Medical Svcs. L.L.C. v. Russo*, 591 U.S. 299 (2020), at 364) (Thomas, J. dissenting) (internal quotation marks omitted)). Generally, a plaintiff must establish a violation of *his own rights* to establish standing. *Alliance for Hippocratic Medicine*, 602 U.S. ___ (2024) (Thomas J., concurring) (Slip op. at 3); citing *June Medical* 591 U.S. at 364-366.

Thus, a plaintiff bears the burden of pleading "injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007). If a plaintiff fails to establish he has standing, his claim must be dismissed for lack of subject matter jurisdiction. *Howard v. Fed. Reserve Bd. of Governors*, 2024 WL 1806430, *2 (E.D. Pa. Apr. 24, 2024) (citing *Steel Co. v. Citz. for a Better Env't*, 523 U.S. 83, 88-89 (1998)).

"Injury in fact" requires a "concrete," "particularized," and "actual or imminent, not conjectural or hypothetical" injury. *Lujan v. Defenders of Wildlife*, 504 U.S.

555, 560 (1992). Accordingly, a plaintiff must identify a harm, the "invasion of a legally protected interest," and adequately identify how that harm affects him "in a personal and individual way." *Gill v. Whitford*, 585 U.S. 48, 65 (2018) (quoting *Lujan*, 504 U.S. at 560). Asserting the violation of an interest "which is held in common by all members of the public" fails as a matter of law to establish Article III standing. *Schlesinger v. Reservist Comm. to Stop the War*, 418 U.S. 208, 220 (1974).

In election and voting rights challenges, a plaintiff's standing is naturally entwined with the "individual and personal" right to vote. *Gill*, 585 U.S. at 49, (quoting *Reynolds v. Sims*, 377 U.S. 533, 561 (1964)). Thus, plaintiffs who "allege facts showing disadvantage to themselves *as individuals* have standing to sue to remedy the disadvantage." *Id.* (quoting *Baker v. Carr*, 369 U.S. 186, 206 (1962)). Those who fail to do so lack standing. *Toth v. Chapman*, 2022 WL 821175, *7 (M.D. Pa. Mar. 16, 2022), citing *Id.* (reasoning, "nothing is preventing [plaintiffs] from voting, and their votes are not otherwise disadvantaged relative to those of the entire population of Pennsylvania.")

Here, institutional Plaintiff, United Sovereign Americans, Inc., attempts to sue, among others, the Commonwealth of Pennsylvania, OAG, and General Henry. (*See, generally,* Doc. 1.) However, Plaintiff itself cannot vote in an election. *See Conforti v. Hanlon*, 2022 WL 1744774, *10 (D. N.J. May 31, 2022) (finding lack

of standing for plaintiff corporation because it cannot run in an election). Accordingly, United Sovereign Americans cannot demonstrate a violation of its rights, cannot demonstrate an injury in fact, and lacks individual standing to sue.

Moreover, institutional Plaintiff lacks "associational standing" to sue, as under the precedents of the Supreme Court of the United States, an association must plausibly plead that: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Alliance for Hippocratic Medicine*, 602 U.S. ___ (2024) (Thomas, J., concurring) (slip op. at 2), quoting *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).

Plaintiffs' complaint is devoid of any reference to individual Plaintiffs' membership in United Sovereign Americans. (Doc. 1 ¶¶ 60-63, 79-83.) Accordingly, institutional Plaintiff's play for "associational standing" fails at the first, as none of the individual Plaintiffs are plausibly pleaded to be members. (*Id.*) Additionally, since, as explained *supra*, institutional plaintiff has sustained no harm, institutional plaintiff relies on the presence of individual plaintiffs in this suit to assert its putative claims and relief requested.

Thus, United Sovereign Americans lacks both individual standing and associational standing. Therefore the Court lacks subject matter jurisdiction over the corporation's claims and they must be dismissed with prejudice.

B. <u>Individual Plaintiffs Lack Standing because they have not plausibly pleaded an "injury in fact, causation and redressability"</u>

As explained *supra*, to gain access the court's "dispute resolution machinery" (*Markham v. Wolf*, 136 A.3d 134, 140 (Pa. 2016) (citing *William Penn Parking Garage v. City of Pittsburgh*, 346 A.2d 269, 280-81 (1975) (plurality)), plaintiffs bear the burden of establishing standing by pleading "injury in fact, causation, and redressability." *Lance v. Coffman*, 549 U.S. 437, 439 (2007).

1. *<u>Plaintiffs have not plausibly pleaded injury in fact</u>*[1]

Here, individual Plaintiffs fail to carry that burden. First, individual Plaintiffs do not plausibly plead they suffered an injury in fact due to the alleged ongoing violations of HAVA and the NVRA. Turning to Plaintiff Houser, while she alleges she "discovered that her vote was not recorded in Pennsylvania's Statewide Uniform Registry of Electors ('SURE') system, even though she had voted in person", she does not plead that she was unable to vote or that her vote was not counted. (Doc. 1 ¶¶ 79-80.) Nor does her pleading that she "reported

---

[1] Defendants note that while there are three individual plaintiffs named in this matter, Plaintiffs' counsel attempts to insert the allegations of a "Mike Miller" and "Audit the Vote PA". These claims, are wholly irrelevant to the suit, since neither Mr. Miller nor Audit the Vote are party to the action.

numerous issues to authorities and was ignored" amount to a concrete harm. (*Id.*) It is well established that the Court need not entertain such "vague and conclusory allegations". *United States v. Murray*, 2022 WL 3586451, *2 (M.D. Pa. Aug. 22, 2022) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

Plaintiff Moton's attempts to plead harm fair no better. Moton claims she was a candidate for office in 2018, 2020, and 2022. (Doc. 1 ¶ 81.) She claims that due to the alleged inaccuracies in Pennsylvania's voter rolls, she "spent money on a campaign where she could not be certain of the location and identity of the voters she was attempting to canvas." (*Id.* ¶ 82.) However, Plaintiff does not explain how these alleged inaccuracies made her unable to identify the borders of the district in which she was campaigning, nor does she plead she attempted to target specific electors and was unable to do so. (*Id.*¶¶ 81-82.)

Furthermore, despite her allegation, Moton, along with the other Plaintiffs in this matter have disclaimed that "any Pennsylvania election officials engaged in election fraud" and instead attempt to carry their burden by suggesting the "*possibility* of improper conduct by election officials as a harm against which Congress and the General Assembly have sought to guard." (*Id.* ¶¶ 153 n.5) Likewise, Motion, like the other Plaintiffs in this action, does not assert the outcome of her race, or any other race in the 2022 Pennsylvania General Election was altered by the alleged discrepancies. (*Id.* ¶ 19). Thus, Plaintiffs attempt to

12

salvage their claims by engaging in impermissible burden shifting, stating that while they cannot plausibly plead any harm, "the Commonwealth cannot state with certainty that all 'winning' candidates received more votes than their 'losing candidates' because the elections itself was compromised." (*Id.*) Accordingly, Moton, just like Houser, cannot establish she suffered an injury in fact.

Finally, Plaintiff Dreibelbis's alleged harms also suffer from the same defects. His vague allegations regarding "observed. . . election issues, apparent errors, loopholes, and discrepancies" do not plead a plausible injury, nor do they reflect a harm to Dreibelbis's ability to vote, or that he in particular, when compared with Pennsylvania voters as a whole, suffered a disadvantage. (*Id.* ¶ 83.)

As none of the individual Plaintiffs have plausibly pleaded a injury in fact, they have failed to establish standing. Their claims must be dismissed accordingly.

## 2. Plaintiffs have failed to plausibly plead causation

Turning to the second element of standing, Plaintiffs have failed to plausibly plead causation on the part of the Commonwealth, the OAG, and General Henry. A plaintiff must establish "a causal connection between the injury and the conduct complained of." *Lujan*, 504 U.S. at 560. Notably, "[c]ausation in the context of standing is not the same as proximate causation from tort law", *Constitution Party of Pennsylvania v. Aichele*, 737 F.3d 347, 366 (3d Cir. 2014). Plaintiffs' alleged injury "has to be fairly traceable to the challenged action of the defendant, and not

the result of the independent action of some third party not before the court."
*Lujan*, 504 U.S. at 560 (internal edits omitted). Accordingly, the prong focuses on
traceability, that is "*who* inflicted. . . harm". *Toll Bros., Inc. v. Twp. of Readington*,
555 F.3d 131, 142 (3d Cir. 2009).

First, as prior noted, Plaintiffs have disclaimed any belief or allegation that
the Commonwealth or its officials engaged in election fraud. (Doc. 1 ¶ 153 n. 5.)
Further, they do not plead that either the Commonwealth, the OAG, or General
Henry were state election officials or possessed the specific power and affirmative
duty to administer elections. (*See*, *generally*, Doc. 1.)

As prior noted, Plaintiffs seem to rely on General Henry's general duty to
enforce the laws of the Commonwealth to attempt to establish causation, instead of
pursuing the third-party bad actors who ostensibly took advantage of the "apparent
loopholes, and discrepancies" Plaintiffs claim to have witnessed. (*Id.* ¶¶ 69, 83.)
Such reasoning cannot hold. If a Plaintiff were to be able to establish causation in
this manner, harm can be traced to the OAG and General Henry due to a failure to
intervene wherever and whenever a violation of any law of the Commonwealth
occurred, regardless of their knowledge, including from a car collision caused by a
speeding driver.

Accordingly, Plaintiffs lack standing and their claims must be dismissed.

14

### *3. Plaintiffs have failed to demonstrate their putative harms are redressable by the Commonwealth, OAG, and General Henry.*

Redressability and traceability often overlap, as they are "two sides of a causation coin". *Toll Bros.*, 555 F.3d at 142, citing *Powell v. Duffry,* 913 F.2d 64, 73 (3d Cir. 1990); *Dynalantic Corp. v. Dep't of Def.*, 115 F.3d 1012, 1017 (D.C. Cir. 1997). Redressability is forward looking, asking whether "the injury will be redressed by a favorable decision." *Id.*, citing *Lujan*, 504 U.S. at 560-61; *Friends of the Earth, Inc. v. Laidlaw Envt'l Svcs.* 528 U.S. 167, 181 (2000). Accordingly, a plaintiff must establish a "substantial likelihood that the requested relief will remedy the alleged inquiry in fact." *Id.*, citing *Vermont Agency of Nat. Resources v. U.S. ex rel. Stevens*, 529 U.S. 765, 771 (2000).

Setting aside that Plaintiffs have alleged no injury which requires redress, Plaintiffs do not plausibly plead the relief they pray for a "judicial order requiring Respondents both federal and state to follow the laws cited herein in conducting the 2024 and subsequent elections, and adequately investigate and remedy the problems exposed in and 2022 elections and detailed above" will remedy their injuries. (Doc. 1 ¶ 249.) Nor do they plead facts indicating that the Commonwealth at large, the OAG, and General Henry in her official capacity are the proper parties to ensure these laws are followed and to investigate the asserted problems with the 2022 election. (*See, generally*, Doc. 1.) In fact, they allege that the duty of enforcing HAVA and the NVRA belongs with the Attorney General of the United

States and the United States Department of Justice. (*Id.* ¶ 234.) In any event, an order of the Court requiring investigation into the 2022 election is retroactive, not prospective relief, and therefore barred by the Eleventh Amendment. Accordingly, individual Plaintiffs have not established redressability and have failed to meet any of the elements to establish standing. Their claims must be dismissed.

## C. Plaintiffs fail to plead a cognizable federal question.

Plaintiffs attempt to ground their complaint in *mandamus* via the All Writs Act, 28 U.S.C. §1651 and an Action to Compel a United States Officer to Perform His/Her Duty, 28 U.S.C. §1361. (Doc. 1 ¶ n.1.) However, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bur. Of Corr. v. U.S. Marshals Svc.*, 474 U.S. 34, 43 (1985). Moreover, "[a] writ of mandamus is an 'extreme remedy that is invoked only in extraordinary situations.'" *Kaetz v. United States*, 2023 WL 2706841, *12 (D. N.J. Mar. 30, 2023) (quoting *In re Anderson*, 2021 WL 5505405, at *1 (3d Cir. Nov. 23, 2021) (citations omitted). These remedies are traditionally used "'only to confine an inferior court to a lawful exercise of its prescribed jurisdiction.'" *Id.* (quoting *Kerr v. U.S. Dist. Ct. for the Northern Dist. Of California*, 426 U.S. 394, 402 (1976)). Moreover, "[a] district court only has jurisdiction to 'compel an officer or employee of the United States or any agency thereof to perform a duty

owed to the plaintiff.'" *Id.*, quoting 28 U.S.C.A. §1361; *see also In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963).

Accordingly, because the Commonwealth, the OAG, and General Henry are not agents or employees of the United States, Plaintiffs' attempt to assert their claims under the All Writs Act fails.

Plaintiffs protest, pleading that Article I, Section 4 of the United States Constitution amounts only to a delegation of Congressional power, making the General Assembly and the state agencies tasked with enforcing the laws of the Commonwealth quasi-federal officers. (Doc. 1 ¶¶ 224-26.)

Such a strained reading flies in the face of our federalist system, theTenth Amendment, and the anti-commandeering principle recognized in *Printz v. United States*, 521 U.S. 898, 914, 916 (1997) (noting that while all state officials must "enact, enforce and interpret state law. . . as not to obstruct the operation of federal law" this was encouraged through the paying of emoluments, rather than "merely commandeering" state agencies; also noting " not only an absence of executive-commandeering statutes in the early Congresses, but. . . an absence of them in our later history. . ."). Moreover, it is well established that the "federal constitution does not deprive a state of its power to regulate elections and should not be distorted to make the federal courts the supervisor of elections held under State

law." *Keno v. Doe*, 74 F.R.D. 587, 588 (D. N.J. 1977). The issuance of such a writ would place this Court in the position of doing just that.

Therefore, because the all Writs Act is constrained to compelling officers, agencies, and employees of the United States to perform their duties and Defendants cannot be understood to be any of these without upending our federalist system's fundamental structure, Plaintiffs fail to bring a cognizable claim against Defendants and the action must be dismissed.

Plaintiffs also attempt to ground their complaint in HAVA and the NVRA. (Doc. 1 ¶¶ 108-119, 120-139.) However, HAVA does not create a private cause of action. [2] *See Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008); *American Civil Rights Union v. Phila. City Commissioners*, 872 F.3d 175, 181 (3d Cir. 2018); *Bellitto v. Snipes*, 935 F.3d 1192, 1202 (11th Cir. 2019); *Sandusky Cnty Democratic Party v. Blackwell*, 387 F.3d 565, 572 (6th Cir. 2004). HAVA provides only two methods of enforcement: (1) civil suit for declaratory and/or

---

[2]    Defendants are aware of two circuit courts have held that provisions of HAVA create private rights enforceable under §1983. *See Colon-Marrero v. Velez*, 813 F.3d 1, 22 (1st Cir. 2016) (HAVA provision which requires removal of ineligible individuals from voter registration list created a right enforceable via §1983); *Sandusky Cnty Dem. Party v. Blackwell*, 387 F.3d 565, 572-73 (HAVA provision which requires states to permit individuals to cast provisional ballots under certain circumstances created a right enforceable via §1983). Neither case is binding upon this Court.

        Moreover, the claims alleged in this suit are not brought in accordance with §1983. Nor do Plaintiffs' claims reflect a concern with their individual right to cast ballots. Rather they involve claims of discrepancies in ballots cast when compared to voter rolls and a number of unspecified alleged wrongs.

injunctive relief brought by the Attorney General, 52 U.S.C. § 21111; and (2) "State-based administrative complaint procedures." 52 U.S.C. §21112(a)(1). Accordingly, merely pleading a violation of HAVA does not properly raise a federal question and invoke this Court's federal question jurisdiction.

Turning to the NVRA, while Plaintiffs allege violations of the NVRA under 52 U.S.C. §20507(a)(4), which they claim "*requires* to 'conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official list of eligible voters' by reason of death or change of address", they themselves admit that the NVRA has two methods of enforcement. (Doc. 1 ¶ 111, 114-15.) The first method is that the Attorney General can petition the court for declaratory or injunctive relief and the second is that a private citizen can pursue a private action in the form of declaratory or injunctive relief. (*Id.* ¶ 115.) Plaintiffs themselves however, admit that such relief is inapplicable or inappropriate because they cannot pursue retroactive relief addressing what they claim were discrepancies in ballots cast and voter rolls in the elections of 2020 and 2022, and any potential harm for the election of 2024 "is not yet realized". (*Id.* ¶ 215). Accordingly, Plaintiffs have failed to allege a cognizable federal question under the NVRA.

Thus, whether under HAVA or the NVRA, Plaintiffs have failed to allege a cognizable federal question and their claims should be dismissed.

**III.    Plaintiffs' Petition must be dismissed as they have not plausibly pleaded facts entitling them to a *writ of mandamus*.**

A writ of *mandamus* is appropriate where: "(1) no other adequate means exist to attain the relief, (2) the party's right to issuance of the writ is *clear and indisputable*, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (emphasis added) (quoting *Cheney v. United States Dist. Ct.*, 542 U.S. 367, 380-81 (2004) (stay granted where district court likely did not follow federal law).

For the reasons listed *supra*, including Plaintiffs' lack of standing and their failure to state a cognizable claim, they have not demonstrated a "clear and indisputable" right to the issuance of the extraordinary remedy that is a writ of *mandamus*. Additionally, it follows that the issuance of the extraordinary writ, placing Defendants and Pennsylvania's election process under the direct supervision of the Court so close in time to the general election92 days from the time of this filing would only serve to inject further confusion and doubt regarding the "integrity of the election process." *See Purcell v. Gonzalez*, 549 U.S. 1, 4-5 (2006), quoting *Eu v. San Francisco Cnty. Dem. Central Comm.*, 489 U.S. 214, 231 (1989). Accordingly the issuance of such a writ would be inappropriate under the circumstances, and Plaintiffs are not entitled to *mandamus* on the merits of their claim.

## <u>CONCLUSION</u>

For the foregoing reasons, this Honorable Court should dismiss all claims against the Defendants and excuse them from further proceedings in the above-captioned matter.

**Respectfully submitted,**

**MICHELLE A. HENRY**
**Attorney General**

**By:** _s/ ERICH T. GREINER_

**ERICH T. GREINER**
**Deputy Attorney General**
**Attorney ID 331601**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-6301**

**NICOLE R. DITOMO**
**Chief Deputy Attorney General**
**Civil Litigation Section**

**egreiner@attorneygeneral.gov**

**Date: August 5, 2024**

**Counsel for Defendants the**
**Commonwealth of Pennsylvania, The**
**Pennsylvania Office of Attorney**
**General, and Attorney General**
**Michelle Henry**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED SOVEREIGN                   :
AMERICANS, INC., DIANE             :
HOUSER, RUTH MOTON *and*           :
DEAN DREIBELBIS,                   :
                    **Plaintiffs** :
                                   :    No.  1:24-CV-01003
                                   :
             **v.**                :
                                   :    **Magistrate Judge Bloom**
                                   :
COMMONWEALTH OF                    :
PENNSYLVANIA, AL SCHMIDT,          :    **Electronically Filed Document**
PENNSYLVANIA BUREAU OF             :
ELECTIONS, PENNSYLVANIA            :    *Complaint Filed 06/18/24*
BUREAU OF ELECTION                 :
SECURITY AND TECHNOLOGY,           :
PENNSYLVANIA DEPARTMENT            :
OF STATE, MICHELLE HENRY,          :
PENNSYLVANIA OFFICE OF             :
ATTORNEY GENERAL,                  :
MERRICK GARLAND *and*              :
UNITED STATES DEPARTMENT           :
OF JUSTICE,                        :
                    **Defendants** :


## <u>CERTIFICATE OF COMPLIANCE</u>

I, Erich T. Greiner, Deputy Attorney General, hereby certify that the

foregoing Brief complies with the Content and Length Requirements described in

L.R. 7.8 and further certify, through reliance upon the word count feature of the

software used to prepare this brief, that it is comprised of 21 pages and 4, 598

words, excluding cover page, tables of contents and authorities, footnotes and

signature blocks.

*/s/ Erich T. Greiner*
ERICH T. GREINER
**Deputy Attorney General**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED SOVEREIGN** | : | |
| **AMERICANS, INC., DIANE** | : | |
| **HOUSER, RUTH MOTON** *and* | : | |
| **DEAN DREIBELBIS,** | : | |
| **Plaintiffs** | : | |
| | : | **No.  1:24-CV-01003** |
| **v.** | : | |
| | : | **Magistrate Judge Bloom** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, AL SCHMIDT,** | : | **Electronically Filed Document** |
| **PENNSYLVANIA BUREAU OF** | : | |
| **ELECTIONS, PENNSYLVANIA** | : | *Complaint Filed 06/18/24* |
| **BUREAU OF ELECTION** | : | |
| **SECURITY AND TECHNOLOGY,** | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF STATE, MICHELLE HENRY,** | : | |
| **PENNSYLVANIA OFFICE OF** | : | |
| **ATTORNEY GENERAL,** | : | |
| **MERRICK GARLAND** *and* | : | |
| **UNITED STATES DEPARTMENT** | : | |
| **OF JUSTICE,** | : | |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Erich T. Greiner, Deputy Attorney General for the Commonwealth of

Pennsylvania, Office of Attorney General, hereby certify that on August 5, 2024, I

caused to be served a true and correct copy of the foregoing document titled

*Defendants' Brief Supporting Their Motion to Dismiss the Complaint* to the

following:

**VIA ELECTRONIC FILING**

**Bruce L. Castor, Jr., Esquire**
**Michael T. van der Veen, Esquire**
**van der Veen O'Neill Hartshorn and Levin**
**1219 Spruce Street**
**Philadelphia, PA  19107**
**bcastor@mtvlaw.com**
**mtv@mtvlaw.com**
*Counsel for Plaintiffs*

**Stephen R. Kovatis**
**Office of General Counsel**
**333 Market St., 17th Floor**
**Harrisburg, PA 17101**
*Counsel for Defendants Pennsylvania Bureau*
*of Election Security and Technology,*
*Pennsylvania Bureau of Elections,*
*Pennsylvania Department of State, and Al*
*Schmid*

                          *s/ ERICH T. GREINER*  _____
                          **ERICH T. GREINER**
                          Deputy Attorney General