IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED SOVEREIGN AMERICANS INC, et al., | : Civ. No. 1:24-CV-1003 :  : |
| Petitioners, | : : |
| v. | : (Chief Magistrate Judge Bloom) : |
| AL SCHMIDT, et al., | : : |
| Respondents. | : |

MEMORANDUM OPINION

I. Introduction

This case comes before us on three motions to dismiss, one each filed by the three respondents, Pennsylvania Secretary of State Al Schmidt, Pennsylvania Attorney General Dave Sunday, and United States Attorney General Pamela Bondi.[1] (Docs. 13, 14, 29). The petitioners, United Sovereign Americans Inc., Bernard "Marty" Selker Jr., Diane Houser, Ruth Moton, and Dean Dreibelbis have petitioned this court for a writ of mandamus. (Doc. 12). Petitioners contend that

---

[1] Dave Sunday became the Pennsylvania Attorney General on January 21, 2025. Pamela Bondi became the acting U.S. Attorney General on February 5, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Dave Sunday is substituted for Michelle Henry, and Pamela Bondi is substituted for Merrick Garland as respondents in this suit.

respondents are responsible for the execution of federal elections in Pennsylvania but have failed to uphold relevant laws in that role and ask this court to order the respondents to uphold those laws. (Doc. 12 ¶¶ 1-59).

Respondents each filed motions to dismiss. (Docs. 13, 14, 29). They argue, *inter alia*, that these petitioners are without standing to bring these claims, and so this court is without jurisdiction to hear the matter. After consideration, we agree, and will grant all motions to dismiss for want of jurisdiction due to lack of standing.[2]

## II. Background

This controversy began in 2022 and relates to federal elections in Pennsylvania. (Doc. 12 ¶ 1). The petitioners are a group of Pennsylvania citizens and political candidates, joined by the Missouri corporation "United Sovereign Americans." (*Id.* ¶¶ 61-66). The petitioners allege that the 2022 federal election in Pennsylvania failed to reach certain minimum legal standards, and that respondents made "insufficient efforts" to ensure the 2024 election was not similarly unreliable. (*Id.* ¶

---

[2] Because we find that the petitioners lack standing, we do not reach consideration of respondents' other grounds for dismissal.

1). They further allege that absent intervention by this court, systemic election issues will continue in future federal elections. (*Id.* ¶ 24).

Specifically, the petitioners allege that two acts of Congress, the Help America Vote Act ("HAVA") and the National Voter Registration Act ("NVRA"), lay out specific standards for federal elections, that those standards are not being met in Pennsylvania, and that the respondents here have turned a deaf ear to various requests by the petitioners to address these concerns. (*Id.* ¶¶ 23-58, 106-35). To support these claims, petitioners present electoral data from the 2022 federal election in Pennsylvania, compiled and analyzed by United Sovereign Americans. (*Id.* ¶¶ 161-62). They aver that this data shows errors in Pennsylvania's federal voter rolls, indicating the state's elections are not in compliance with HAVA, NVRA, or Pennsylvania election laws. (*Id.* ¶ 170).

The amended complaint identifies one cause of action, an "action to compel an officer of the United States to perform his duty" under 28

U.S.C. § 1361.³ The petitioners aver that the respondents, as federal agents and "quasi-federal agents," can be compelled to perform non-discretionary duties by § 1361, and that their execution of HAVA and NVRA are such non-discretionary duties. (*Id.* ¶¶ 229-47). The petitioners ask this court to fashion a remedy by exercise of the "All Writs Act," 28 U.S.C. § 1651. That act permits this court to "issue all writs necessary or appropriate in aid of [its] respective jurisdiction[ ] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The petitioners specifically ask this court to issue a writ "requiring Respondents to comply with the two federal statutes at issue (NVRA and HAVA[.])" (Doc. 12 ¶¶ 201, 203).

The petitioners instigated the action on June 18, 2024, by filing a complaint in mandamus. (Doc. 1). Respondents Schmidt and Sunday each moved to dismiss the complaint (Docs. 6, 7), after which the petitioners amended their complaint. (Doc. 12). Schmidt and Sunday

---

³ As mentioned above, the complaint also invokes the "All Writs Act," but all parties agree this is a remedial tool, and not itself a cause of action nor a source of jurisdiction. (Doc. 19 at 17; Doc. 20 at 16; Doc. 26 at 13; Doc. 32 at 26); *see also Syngenta Corp Protection, Inc. v. Hanson*, 537 U.S. 28, 29 (2002) ("[T]he All Writs Act does not confer jurisdiction on the federal courts").

moved again to dismiss. (Docs. 13, 14). Respondent Bondi likewise moved to dismiss. (Doc. 29).

The motions are now fully briefed and ripe for disposition. (Docs. 19, 20, 26, 28, 32, 34, 35, 36). After consideration, we find that petitioners do not have the requisite standing to bring this case, and so it must be dismissed.

## III. Discussion

### A. Motion to Dismiss – Standard of Review

Federal Rule of Civil Procedure 12(b)(1) instructs a court to dismiss the matter if it lacks subject matter jurisdiction over the complaint. Fed. R. Civ. P. 12(b)(1). Dismissal is required only if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)) (quotations omitted).

Motions under Rule 12(b)(1) can be facial or factual challenges. *Gould*, 220 F.3d 176. A facial challenge does not contest the complaint's alleged facts, but disputes that the facts establish jurisdiction and requires a court to "consider the allegations of the complaint as true." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (internal

5

quotation marks omitted). A factual challenge attacks allegations in the complaint that purport to establish jurisdiction, and in this posture, a defendant may present competing facts. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A court considering a factual challenge may also "weigh and consider evidence outside the pleadings." *Id.* at 358 (internal quotation marks omitted). In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. *Gould*, 220 F.3d at 178.

The procedural posture of a Rule 12(b)(1) motion may be dispositive of its status as to facial or factual challenge. Where the motion comes before the defendant has answered the complaint, or "otherwise present[ed] competing facts," it must be considered facial. *Constitution Party of Pa.*, 757 F.3d at 358 (citing *Mortensen v. First Federal Sav. and Loan Ass'n.*, 549 F.2d 884, 892 n. 17 (3d Cir. 1977)); *Askew v. Church of the Lord Jesus Christ*, 684 F.3d 413, 417 (3d Cir. 2012).

" 'In sum, a facial attack 'contests the sufficiency of the pleadings,' [ ] 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.' " *Constitution Party of Pa.*, 757 F.3d at 358 (quoting *In re Schering Plough*

*Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)).

"A motion to dismiss for want of standing is also properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir. 2007) (citing *St. Thomas— St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000)). Standing is comprised of three elements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (cleaned up).

On a motion challenging standing, the plaintiff " 'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.' " *FOCUS v. Allegheny*

*County Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir.1996) (quoting *Lujan*, 504 U.S. at 561). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . . In response to a summary judgment motion, however . . . . those facts (if controverted) must be 'supported adequately by the evidence adduced at trial.'" *Lujan*, 504 U.S. at 561 (citing *Gladstone, Realtors v. Village of Bellwood*, 411 U.S. 91, 115 n. 31 (1979)).

### B. The Respondents' Motions to Dismiss will be Granted.

As a threshold matter, this court is obligated to begin by considering if the petitioners here have standing. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101-02 (1998) (explaining that a court must consider jurisdiction before it may consider if a cause of action has been stated or else acts *ultra vires*). The Supreme Court has been clear that, in addition to bearing the burden to establish the elements of standing, the context of voting creates a particular need for the petitioners to demonstrate that the alleged injuries show "disadvantage to themselves as individuals [.]" *Baker v. Carr*, 369 US. 186, 206 (1962) (explaining that petitioners who lived in a gerrymandered state had standing to challenge the dilution of their votes

because they were citizens of specific counties where dilution was alleged, sufficing to show injury to themselves adequate for standing). In contrast, standing does not exist where a party brings only "a generally available grievance about government" that alleges "only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large." *Lujan*, 504 U.S. at 573-74.

Because the respondents have moved to dismiss for lack of standing before answering the complaint, we must construe their motions as facial attacks, and so take all facts pleaded by the petitioners as true. *See Petruska,* 462 F.3d at 302, n.3. To that end, we begin our standing analysis by considering if the individual petitioners here have articulated "general factual allegations of injury resulting from the defendant's conduct" that can be said to show "injury in fact" that is "concrete and particularized" as well as "actual and imminent." *Lujan*, 504 U.S. at 561. Where that is shown, we then consider if traceability and redressability are present. *Id.* Below, we consider these standards for each petitioner and find none can meet all three of these requirements.

Petitioner Selker, a candidate on the ballot for United States Senator in the 2024 election, alleged injury on the basis that he "has a reasonable belief that Respondents' failure to address and enforce state and federal election law in 2022 . . . will adversely affect the integrity of the 2024 Pennsylvania senatorial election." (Doc. 12 ¶¶ 75). Judge Wilson recently considered an almost identical argument in *Keefer v. Biden*, 725 F. Supp. 3d. 491, 504 (M.D. Pa. 2024). There, the plaintiffs argued that they had suffered injury because "Defendants' actions collectively undermine the integrity of Pennsylvania's elections [.]" *Keefer*, 725 F. Supp. 3d at 504. Judge Wilson held that because the plaintiffs did not show why harm was certain to accrue to these candidates by the defendants' actions, that the candidates did not have standing. *Id.* We find that logic is equally applicable here. Petitioner Selker has alleged only that the general integrity of his election will be undermined, and that is not a "particularized" injury. Accordingly, we find that Petitioner Selker does not have standing to bring this claim.

Petitioner Moton alleges that "she spent money on [three] campaign[s] where she could not be certain of the location and identity of the voters she was attempting to canvas." (Doc. 12 ¶ 79). The money in

question was allegedly spent during the 2018, 2020, and 2022 elections. (*Id.*). But the petitioners here are explicitly seeking only forward-looking relief: "Petitioners seek a judicial order requiring Respondents . . . to follow the laws cited herein in conducting the 2024 and subsequent federal elections, and adequately investigate and remedy the problems exposed in and 2022 elections and detailed above." (Doc. 12 ¶ 247). This relief, if granted, could not possibly redress Moton's alleged injury of having ineffectually spent money in the past. Thus, the third element of standing, redressability, is absent, and Petitioner Moton does not have standing to bring this claim.

Petitioner Houser alleges that "her vote was not recorded in Pennsylvania's Statewide Uniform Registry of Electors ("SURE") system, even though she had voted in person [,]" and that she reported "numerous issues to authorities and was ignored numerous times." (Doc. 12 ¶¶ 76-77). Petitioner Dreibelbis has similarly alleged that his injury is that he "observed and reported numerous election issues, apparent errors, loopholes and discrepancies to authorities and was, each time, ignored." (Doc. 12 ¶ 80). As we have explained, an injury for purposes of standing is an "invasion of a protected legal interest." *Lujan* 504 U.S. at 560.

Without an allegation that either petitioner had a protected legal interest in receiving a response to their reports, or in having a vote appear in the SURE system, they fail to allege an injury. No such allegations were made here. Further, even assuming *arguendo* that we were to find these to be cognizable injuries, it is apparent they will not be redressed by the exclusively forward-looking relief petitioners seek. Either of these findings would be sufficient to demonstrate a lack of standing. Accordingly, we conclude that Petitioners Houser and Dreibelbis do not have standing to bring this claim.

We note that the amended complaint, in the subsection labeled "standing," the petitioners identify two other parties and attempt to articulate why those parties have standing. But as the petitioners themselves concede, those parties are not named parties here. (Doc. 12, ¶¶ 81, 82). As non-parties, their possible standing is irrelevant, and we do not consider it here.

Finally, as to the organizational petitioner, United Sovereign Americans, the petitioners have conceded it does not have independent standing. (Doc. 26 at 10). Instead, petitioners have chosen to rely on the Supreme Court's holding in *Horne v. Flores,* 557 U.S. 433, 446-47 (2009),

that a party without standing may be permitted to join a lawsuit without independently demonstrating standing so long as another party has so demonstrated. (Doc. 26 at 10). As explained above, none of the individual petitioners have standing here, and so even if we were inclined to exercise the discretionary rule articulated in *Horne*, we may not do so here. Accordingly, United Sovereign Americans does not have standing to bring this claim.

## IV. Conclusion

Having found that no petitioner has standing to bring this case, we will grant the respondents' motions to dismiss (Docs. 13, 14, 29), and this case will be dismissed without prejudice.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: March 3, 2025